PER CURIAM.
The final judgment of dissolution provided that appellant father and appellee mother would have shared parental responsibility and custody of their two minor children. About a year and a half later, the mother, who had remarried and moved from Jacksonville to Tennessee, moved the court to designate her home as the primary physical residence of the children. The court *1350 agreed, and the father appeals the order modifying the final judgment, contending the court abused its discretion because it drastically limited the father’s custody rights previously agreed to by the parties and adjudicated by the court and, further, it improperly allowed the mother to remove the minor children from the jurisdiction.
The parties made a settlement agreement which was incorporated into the final judgment of dissolution. The parents agreed to share parental responsibility for residential care for the children, and no primary physical residence was established in the final judgment. At the time, both mother and father lived in Jacksonville and the children would alternate between the parents’ respective homes. Paragraph 12 of the final judgment incorporated the following provision of the parents’ agreement:
In the event either party elects to move from Jacksonville, Florida, due to health, remarriage, job or career changes, or any other reason, the parents shall agree upon a primary physical residence of the children. In the event the parties are unable to agree, it shall be submitted to the court for determination in the best interest of the children.
After the mother announced her intention to remarry and move from Jacksonville, the parties could not agree on a primary residence for the children and the mother moved to submit the matter to the court under this provision of the final judgment. Both the mother and the father are practicing lawyers. Their agreement, as incorporated in the final judgment, clearly contemplated the events that ultimately came to pass, i.e., that either party might decide in the future to move from Jacksonville because of remarriage or other personal reason and that they would ask the court to decide, based on the best interest of the children, which parent would provide the primary residence if they could not agree. It is perfectly obvious that if a parent moves from Jacksonville, visitation and custody of the children would be drastically altered for one of the parents, depending on whether the children stayed in Jacksonville or went with the parent moving away. Yet no provision in the parties’ settlement agreement or the final judgment prohibited removal of the children from the jurisdiction of the Florida court.
We are fully cognizant that both parents are fit and proper, that both dearly love their children, and that both want to have as much contact with the children, and participation in raising them, as possible. We are likewise aware of the difficulties and heartache that inevitably result when divorced parents take up residence in different states. There is never any easy solution to these problems. The discretion to decide these troublesome issues nonetheless lies with the circuit court, not the appellate court. The record in this case reflects deep concern by the trial judge for the rights of both parents, as well as the best interest of the children. Since it contains competent, substantial evidence supporting his decision to designate primary physical residence with the mother, we find no legal basis for disturbing that decision on grounds that the trial court abused its discretion. Nothing in the cases cited to us by the father requires reversal of the circuit court’s decision on other legal grounds.
AFFIRMED.
BOOTH, SHIVERS and ZEHMER, JJ., concur.